991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jose G. ORTEGA, Petitioner-Appellant,
v.
C.A. TURNER, Warden, Respondent-Appellee.
 No. 92-2647.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 30, 1993.*
Decided March 31, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Jose Ortega filed suit under 28 U.S.C. § 2241, alleging that he was denied due process in a disciplinary hearing that led to his losing good-time credit. The district judge dismissed the petition sua sponte, and we AFFIRM for the reasons given in the court's attached Memorandum and Order. We also DENY Ortega's motion to file a supplemental argument because the proposed argument was never presented to the district court, and is therefore waived.
 
 ATTACHMENT
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
 
 DISTRICT OF ILLINOIS
 
 3
 JOSE GONZALEZ ORTEGA, Petitioner,
 
 
 4
 vs.
 
 
 5
 C. ALLEN TURNER, Respondent.
 
 CIVIL NO. 92-380-WLB
 MEMORANDUM AND ORDER
 BEATTY, District Judge:
 
 6
 Petitioner, a resident of the federal penitentiary in Marion, applies to this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge disciplinary actions taken against him in 1991. He also seeks leave to proceed in forma pauperis.
 
 
 7
 Petitioner was disciplined in late 1991 after another inmate stabbed a third (Rodriguez). Officers arriving on the scene saw plaintiff mopping up spilled blood and found gauze and a torn bloody sheet in petitioner's cell. Petitioner says that pursuant to his duties as a cellhouse orderly, he mopped up the floor, which was wet with water, and picked up a bloody shirt of unknown origin. He also claims to have provided first aid to Rodriguez, who appeared bloodied. Plaintiff claims that neither the performance of his duties as an orderly, nor the administration of first aid to another inmate would constitute assault. A disciplinary report charged plaintiff with aiding an assault, but no other charge. The Discipline Hearing Officer ("DHO") found plaintiff guilty, relying on officers' statements that plaintiff was mopping the scene of the assault and had the gauze and the bloody cloth in his cell. The DHO discredited plaintiff's description of the incident, and punished him with 60 days of disciplinary segregation (suspended pending 180 days of clear conduct), forfeiture of 400 days of good time, and reassignment from Marion's pre-transfer unit to general population. Subsequently, the DHO revised his findings to find plaintiff not guilty of the charged offense of aiding and assault, but instead of interfering with a staff member in the performance of his duties by concealing evidence of the assault.
 
 
 8
 Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, including this one. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief and the petition must be dismissed.
 
 
 9
 In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. Id. at 556-572.
 
 
 10
 Wolff required that inmates facing disciplinary charges for misconduct be accorded 24 hours' advance written notice of the charges against them; a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; an impartial tribunal; and a written statement of reasons relied on by the tribunal. 418 U.S., at 563-572.
 
 
 11
 Hewitt v. Helms, 459 U.S. 460, 466 n. 3 (1983). The Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 455 (1985).
 
 
 12
 Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.
 
 
 13
 Id. at 455-56. Although petitioner offers an assortment of technical reasons why the disciplinary action may not have complied with Bureau of Prisons Regulations, habeas corpus relief is available only if the disciplinary action violated his constitutional rights. In the instant case, the disciplinary action comported with due process and did not offend the constitution.
 
 
 14
 Plaintiff received 36 days' advance notice of the hearing. Although he was charged with aiding an assault but ultimately punished for interfering with an officer's performance of his duties, plaintiff both charges involved the same conduct, i.e., the destruction or concealment of evidence of the assault. Plaintiff was permitted to testify in his own defense, and he had the assistance of a Spanish-speaking staff representative. He did not request witnesses. Nothing in the record suggest that the DHO was biased. Finally, the DHO gave his reasons for finding guilt in writing. The DHO found the officers more credible than plaintiff's explanation; that finding is not reviewable in this court. Although plaintiff may not consider the evidence against him to require a finding of guilt, it certainly was "some evidence" of guilt, and that is all the constitution requires.
 
 
 15
 Accordingly, petitioner is not entitled to relief in federal court on his claims, and the petition for writ of habeas corpus is DISMISSED. The motion for leave to proceed in forma pauperis is DENIED AS MOOT.
 
 
 16
 IT IS SO ORDERED.
 
 DATED: June 29 '92
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record